UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ARTURO MAZON,

        Plaintiff,

   v.                                    CAUSE NO. 3:21-CV-747 DRL-MGG

KNIESER *et al.*,

        Defendants.

## OPINION AND ORDER

Arturo Mazon, a prisoner without a lawyer, filed a complaint that contains unrelated claims. ECF 1. He has sued Dr. Knieser, Nurse Amber, the Warden of Pendleton Correctional Facility, and an unknown officer employed at Pendleton Correctional Facility regarding the medical care he received while housed at Pendleton Correctional Facility. He has also sued Warden Galipeau (incorrectly spelled Gailpeau) and an unknown doctor employed at Westville Correctional Facility (Defendant Doctor John Roe) about the medical care he received while housed at Westville.

Mr. Mazon may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Generally, this court notifies the plaintiff and allows him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in

separate suits. *Id*. Here, Mr. Mazon has alleged that his urgent medical needs are not being met. Due to the nature of his allegations, and the contended urgency, the court will limit this case to his assertions about his medical care at Westville Correctional Facility, where he is currently housed. *Id.* ("A district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21.").

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss a frivolous or malicious action, one that fails to state a claim, or one that seeks monetary relief against an immune defendant.

Mr. Mazon alleges that he has suffered from painful back, stomach, and kidney problems since July 2020. These medical conditions were assessed by staff at Pendleton Correctional Facility. He was then transferred to Westville Correctional Facility. Following his transfer, he requested medical care. He was seen by medical on April 6, 2021, after he filed a grievance regarding his unmet medical needs. At that appointment, Mr. Mazon explained that he was in pain and could not eat. The medical staff at Westville administered the same tests that had been administered twice before at Pendleton Correctional Facility[1]: blood, urine, and fecal tests. He does not know what those tests

---

[1] Mr. Mazon indicates that the results of the previous tests were unavailable to the staff at Westville.

revealed. He reports that he has received no treatment while at Westville and continues to suffer.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Mr. Mazon does not know the name of the doctor he believes provided inadequate medical care. The unnamed defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of

placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Furthermore, it is unclear from the complaint what role, if any, the doctor played in depriving Mr. Mazon of adequate care. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The doctor must be dismissed.

The only other defendant employed at Westville that Mr. Mazon has sued is Warden Galipeau. He seeks to hold the warden liable because he is a supervisor. Defendants cannot be held individually liable based solely on their supervisory position over others or their status as an employer. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. However, Mr. Mazon may proceed against Warden Galipeau in his official capacity only for injunctive relief in the form of constitutionally adequate treatment for his painful back, stomach, and kidney problems. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

For these reasons, the court:

(1) DISMISSES Doctor Knieser, Nurse Amber, Warden John Doe, and Ofc. John Doe pursuant to Federal Rule of Civil Procedure 21;

(2) GRANTS Arturo Mazon leave to proceed against Warden Galipeau in his official capacity for injunctive relief to provide constitutionally adequate medical care for his painful back, stomach, and kidney problems, as required by the Eighth Amendment;

4

(3) DISMISSES all other claims;

(4) DISMISSES Doctor John Roe;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email the same documents to Warden Galipeau at the Westville Correctional Facility;

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(8) ORDERS Warden Galipeau to provide a sworn declaration or affidavit with supporting medical documentation as necessary by **October 27, 2021**, explaining how the back, stomach, and kidney pain of Arturo Mazon, IDOC # 161830, is being addressed in a manner that complies with the Eighth Amendment; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 12, 2021				*s/ Damon R. Leichty*
						Judge, United States District Court