UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARTURO MAZON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-747 DRL-MGG |
| GAILPEAU, | |
| Defendant. | |

OPINION AND ORDER

Arturo Mazon, a prisoner without a lawyer, filed a complaint alleging that he has suffered from painful back, stomach, and kidney problems since July 2020. He further alleged that, after being transferred to Westville Correctional Facility, he requested medical care. He was seen by a medical provider on April 6, 2021 and explained that he was in pain and could not eat. Some tests were ordered, but he does not know the results. He reported that he had received no further treatment. ECF 1.

Based on these allegations, Mr. Mazon was granted leave to proceed against Warden Galipeau in his official capacity for injunctive relief to provide constitutionally adequate medical care for his painful back, stomach, and kidney problems, as required by the Eighth Amendment. ECF 3. Warden Galipeau was ordered to provide a sworn declaration or affidavit, with supporting medical documentation as necessary, explaining how the back, stomach, and kidney pain of Mr. Mazon is being addressed in a manner that complies with the Eighth Amendment. ECF 3. In response, Warden Galipeau submitted a declaration and Mr. Mazon's medical records. ECF 10-1; ECF 10-2.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to

2

> violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Mr. Mazon's allegation that he has received no care since April 6, 2021, except for tests that he was never told about, is contradicted by the medical records. The records demonstrate that Mr. Mazon has been seen frequently for his multiple complaints, including by outside providers. ECF 10-2. He was seen by a doctor on May 6, 2021, and additional tests were ordered. ECF 10-2 at 10-12. He was seen by a nurse on May 20, 2021, June 8, 2021, and June 15, 2021. *Id.* at 15-22. An x-ray was performed on July 2, 2021. *Id.* at 27. He was seen on August 3, 2021, August 5, 2021, and August 6, 2021, too. *Id.* 32-37, 39-41. More tests were performed. *Id.* at 38-39, 44. He was examined and placed on a high protein diet on August 14, 2021. *Id.* at 49-51. On August 20, 2021, Mr. Mazon requested healthcare. *Id.* at 42. On August 31, 2021, he was examined by a doctor. ECF 54-57. At this appointment, Mr. Mazon reported that his issues swallowing had lasted only a few days, even though the medical records show otherwise. *Id*. More tests were ordered. *Id.* at 55, 57. On September 13, 2021, a physician ordered a gastroenterology study. *Id.* at 58. He was seen for a sore throat on September 23, 2021. *Id.* at 63. Monitoring for mental health issues began on September 28, 2021. *Id.* at 65-109, 116-137. On October 7, 2021, just days after his complaint was filed, the gastroenterology procedure was performed by an

outside provider. *Id.* at 115, 167-68. The results - which were normal - were reviewed with Mr. Mazon on October 19, 2021. *Id.* at 138-40. Mr. Mazon did not believe the results and thinks the doctor that did the test examined the "wrong hole." *Id.* The record from the October 19, 2021, visit reflects that Mr. Mazon admitted that he has memory problems. *Id.* He could not name the president or the month. *Id.* He knew that it was 2021, but he gave inconsistent answers regarding when he expects to be released from prison, stating both that he would be released in 2023 and that he had five more years to serve in segregation. *Id.* Neither answer is consistent with the release date listed on the Indiana Department of Correction website, which indicates that he will be released in September 2022. *See* https://www.in.gov/apps/indcorrection/ofs/ofs (last visited Oct. 28, 2021).

After reviewing the medical records, the court cannot find that Mr. Mazon is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of a preliminary injunction. Mr. Mazon has received a great deal of medical care for his complaints, and the record does not suggest that future care will be unavailable to him in the absence of an injunction.

For these reasons, the request for preliminary injunction contained in Mr. Mazon's complaint (ECF 1) is DENIED.

SO ORDERED.

October 29, 2021                                    *s/ Damon R. Leichty*
                                                    Judge, United States District Court